## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Global Aluminum Distributor LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>United States and U.S. Customs and Border Protection,<br><br>     Defendants. | Court No. 21- 00312 |

## COMPLAINT

Plaintiff, Global Aluminum Distributor LLC ("Global"), by and through its attorneys, Craven Trade Law LLC, alleges and states the following claims against the defendants United States and U.S. Customs and Border Protection ("US").

## CONTESTED DETERMINATION

1. This action is an appeal from the U.S. Customs and Border Protection's ("CBP") final affirmative determination of evasion of the antidumping order A-570-967 and countervailing duty order C-570-968, covering aluminum extrusions from the People's Republic of China ("PRC"). CBP published the original affirmative determination of evasion on January 28, 2021 and a final affirmative determination on June 4, 2021. *See* Admin. Review Determination in EAPA Case

No. 7423, CBP Office of Trade Regulations & Rulings, OT:RR:BSTC: PEN

H315648 BEK ("ORR") (June 4, 2021) ("*June 4, 2021 Decision*").

## JURISDICTION

2.      This action is brought pursuant to the section 517(g) of the Tariff Act of

1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015

("EAPA") to contest the January 28, 2021 decision of U.S. Customs and Border

Protection ("CBP") and its June 4, 2021 Administrative Review determination.

3.      The United States Court of International Trade has exclusive

jurisdiction over this action under 28 U.S.C. §1581(c) as this action is commenced

pursuant to 19 U.S.C. § 1517.

## STANDING

4.      Plaintiff Global Aluminum Distributors LLC ("Global") is a

corporation organized under the laws of Florida.  Global imported and sold certain

Aluminum Extrusions produced in the Dominican Republic subject to CBP's

evasion investigation and is an interested party pursuant to 19 U.S.C. § 1517(a)(6)

and 28 U.S.C. § 2631(k)(1).

5.      Following CBP's determination of evasion, Plaintiff is subject to

antidumping duties is therefore adversely affected or aggrieved by agency action

within the meaning of section 702 of the Administrative Procedures Act, as

amended, 5 U.S.C. § 702, and is entitled to commence this action pursuant to 28

U.S.C. § 2631(i).

## TIMELINESS OF THIS ACTION

6.    CBP's Office of Trade Regulations and Rulings issued its final affirmative

determination of evasion on January 28, 2020 and its results of the Administrative

Review on June 4, 2021.

7.    Plaintiff Global is commencing this action with the concurrent filing of a

summons and complaint, within 30 business days after publication of CBP's

administrative review of June 4, 2021 decision, and has adhered to all service and

notification requirements as set out by the Rules of the U.S. Court of International

Trade. *See* Rules 3 and 4 of the Rules of the U.S. Court of International Trade.

Accordingly, plaintiff Global has commenced this action within the statutorily

prescribed time limits specified in 19 U.S.C. § 1517(g)(1).

## THE ADMINISTRATIVE PROCEEDINGS

8.    On May 26, 2011, the U.S. Department of Commerce issued

antidumping and countervailing duty orders on aluminum extrusions from the PRC.

*See Aluminum Extrusions from the People's Republic of China: Antidumping Duty*

*Order*, 76 Fed. Reg. 30650 (May 26, 2011); *Countervailing Duty Order*, 76 Fed. Reg.

30653 (May 26, 2011).

*Global Aluminum Distributors LLC v. United States*
Ct. No. 21-00312
July 2, 2021
Page 4

9.      On December 16, 2019, Aluminum Extrusions Fair Trade Committee ("AEFTC") filed separate allegations with CBP that Plaintiff was transshipping Chinese-origin aluminum extrusions through the Dominican Republic ("DR") in order to avoid paying the antidumping and countervailing duties. On the same date, AEFTC filed similar or identical allegations with respect to other U.S. importers.

10.     On July 31, 2019, prior to initiating an investigation, or even acknowledging receiptof an allegation, CBP conducted a site visit of the manufacturer of aluminum extrusions in the Dominican Republic, Kingtom Alumino SRL ("Kingtom"). CBP has never provided a full and complete copy of its report from this site visit, but rather has selectively described portions of its report from this site visit in its various decisions.

11.     On October 31, 2019 CBP initiated EAPA Inv. 7348 on the identical merchandise from Kingtom imported by plaintiff Global Aluminum and other importers. Such investigation covered the same importations as in the case at bar. The final administrative determination in that case is the subject of *Global Aluminum Distributer LLC v. United States*, Consolidated Court No. 21-00198 and *Hialeah Aluminum Supply, Inc. v. United States*, Court No. 21-00207.

12.     CBP acknowledged receipt of AEFTC's  allegations in EAPA Case no. 7423 on January 10, 2020.

13.    On January 27, 2020, CBP initiated internal investigations with regard to Plaintiffs and the other U.S. importers of aluminum extrusions that were the subject of allegations of evasion by AEFTC. No notice of initiation was issued to Plaintiffs and the other U.S. importers at that time.

14.    It was not until May 4, 2020, when CBP issued a "Notice of Initiation of Investigation and Interim Measures—EAPA Cons. Case 7423" that the Plaintiffs and the other importers became aware of the investigation the subject of this action. The entries subject to the investigation were those entered for consumption, or withdrawn from a warehouse for consumption, from January 10, 2019 through the pendency of the investigation.

15.    In response to the RFI's, Plaintiff, and other named importers, provided all of the requested information in their possession regarding their business relations with Kingtom including their visits to Kingtom and detailed information with respect to their purchasing and sales process of custom-made aluminum extrusions from Kingtom.

16.    On August 28, 2020, the Plaintiff, and the other importers, submitted a Joint Voluntary Submission of Factual Information for the record.

17.    On December 11, 2020 CBP placed on the administrative record in EAPA case no. 7423 documents from the administrative record in EAPA case no.

7348, including extensive responses dated March 13, 2020 to RFI's that CBP had issued to Kingtom in case no. 7348 with details describing a list of its equipment, the production capacity of its equipment, daily extrusion production records for its extrusion machines, a list of all its suppliers of raw materials and the materials they sold to Kingtom. Kingtom also documented its production process from order acknowledgement through shipment.

18.     On June 3, 2020, CBP issued a supplemental RFI to Kingtom, to which it timely responded on June 17, 2020. In its supplemental RFI response, Kingtom reported its theoretical production volumes based on the daily production records reported in its RFI response. Kingtom also reported its monthly export and local sales information, and further described its production process.

19.     On September 30, 2020, Plaintiff, in conjunction with the other importers, submitted legal argument to CBP.

20.     On September 30, 2020, Kingtom submitted legal argument to CBP. CBP refused to consider such arguments and returned the submission to Kingtom.

21.     On January 28, 2021, CBP issued its initial determination of evasion, finding that Kingtom was able to produce aluminum extrusions in the Dominican Republic, but that Kingtom's failure to submit accurate information and cooperate to the best of its ability meant that CBP was unable to determine that Kingtom actually

did produce all of the aluminum extrusions it sold. CBP therefore inferred that all merchandise imported to the United States by the Importers contained co-mingled Chinese- and Dominican Republic-origin aluminum extrusions.

22.    On March 12, 2021, the U.S. importers, including Plaintiff, submitted a Request for a *de novo* Administrative Review of the January 28, 2021 CBP determination.

23.    On June 4, 2021, CBP issued its determination in the *de novo* administrative review, finding that "when looking at the totality of the circumstances regarding evidence of Kingtom's actual production levels coupled with Kingtom's affiliations with China, a finding of evasion due to the commingling of Chinese-origin aluminum extrusions with Dominican Republic-origin aluminum extrusions is supported by substantial evidence in the record. There is more than a "mere scintilla" of evidence to support this finding of evasion." In making this determination, CBP expressly stated that it would not address the remaining arguments made by the importers. This language repeats the identical language in CPB's determination in the *de novo* administrative review in EAPA case no. 7348.

24.    There were no documents in the record of any purchases by Kingtom of aluminum extrusions from China.

25.    There were no documents in the record of any imports into the

Dominican Republic of aluminum extrusions from China by Kingtom.

26.     There were no documents in the record of any shipments by Kingtom of Chinese aluminum extrusions to the United States.

27.     There were no documents in the record of any purchases by Kingtom of Chinese aluminum extrusions from any other company.

## STANDARD OF REVIEW

28.     The standard of review of an initial determination under 19 U.S.C. 1517 (c) or an administrative review of such determination under 19 U.S.C. 1517(f) is set forth in 19 U.S.C. 1517(g)(2) as follows:

> In determining whether a determination under subsection (c) or review under subsection (f) is conducted in accordance with those subsections, the United States Court of International Trade shall examine—
>
> (A) whether the Commissioner fully complied with all procedures under subsections (c) and (f); and
> (B) whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## CLAIMS

### COUNT ONE

29.     The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

30.     CBP credited an undisclosed allegation and conducted an initial

investigation without any opportunity on the part of Global to respond to evidence presented against it before imposing interim measures. CBP also collected other information before the Notice of Initiation and Interim Measures without providing Global an opportunity to respond to the evidence. CBP did not permit Global to view or respond the allegation, evidence and information presented against it before initiation of the investigation or imposition of interim measures.

31.    An importer participating in an administrative review has a due process right to "notice and a meaningful opportunity to be heard." *PSC VSMPO-Avisma Corp. v. United States,* 688 F.3d 751, 761-62 (Fed. Cir. 2012) (quoting *LaChance v. Erickson,* 522 U.S. 262, 266 (1998)); *see also* U.S. Const. art. 5.

32.    The EAPA statute, implementing regulations or both do not provide the affected parties the right to fully and actively participate in the proceedings before initiation of the investigations or before interim measures are imposed.

33.    The statute and implementing regulations permit CBP to initiate an investigation and impose interim measures without providing Global notice of, or opportunity to respond to, allegations and evidence used against it. Accordingly, the statute and implementing regulations are unconstitutional, and violate the 5th Amendment Due Process Clause. The initiation of the investigation and the imposition of interim measures were also arbitrary, capricious, an abuse of discretion,

Complaint
Case 1:21-cv-00312-N/A   Document 2   Filed 07/02/21   Page 10 of 21
*Global Aluminum Distributors LLC v. United States*
Ct. No. 21-00312
July 2, 2021
Page 10

or otherwise not in accordance with law because CBP failed to provide notice and an

opportunity for Global to meaningfully be heard.

## COUNT TWO

34.     The allegations of paragraphs 1 through 28 are incorporated by reference

and restated as if fully set forth herein.

35.     CBP states that the regulations it promulgated to govern investigations of

evasion claims seek "to make the proceedings under the EAPA as transparent as

possible and to provide for full participation and engagement by all parties involved in

an EAPA proceeding." *Investigation of Claims of Evasion of Antidumping and

Countervailing Duties*, 81 Fed. Reg. 56,477, 56,479 (Dep't Homeland Sec. August 22,

2016).

36.     In its regulations governing how evasion claims will be investigated, CBP

only considers the party filing the allegation and the accused importer to be parties to

the evasion investigation. 19 C.F.R. § 165.1. CBP's regulations foreclose other

interested parties from fully participating in the proceedings and unlawfully narrow the

scope of participation provided under EAPA for "interested parties," as defined by

19 U.S.C. § 1517(a)(6).

37.     CBP did not permit Kingtom to meaningfully participate in the

administrative proceeding by rejecting from the record and not considering its

submissions.  Accordingly, Kingtom could not rebut the alleged discrepancies or CBP's allegations that it did not actually produce the merchandise at issue.  Yet, CBP relied on the alleged discrepancies and lack of capacity in its determination against Global.

38.     The statute does not preclude CBP from accepting Kingtom's voluntary submissions, but rather CBP claims to have discretion as to whether to accept such submissions.   Because CBP denied Kingtom an adequate opportunity to participate, it also denied Global's rights to have all necessary information of record.  CBP's failure to allow the producer to participate deprives plaintiff of the contribution of the party in possession of the information necessary for the proceeding.

39.     CBP's decision to not allow Kingtom to participate and submit information and argument is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 19 U.S.C. §1517(g)(2)(B) and 5 U.S.C. § 706. To the extent the regulations preclude interested parties, such as the foreign producer who have a stake in the transactions at issue, from meaningfully participating in the EAPA investigation, the statute and implementing regulations are unconstitutional and violate the producer's and the importer's right to due process.

## COUNT THREE

40.     The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

41.     At every stage of the evasion investigation, **CBP** refers to and relies upon information submitted by alleger and information gathered by **CBP** in the course of its investigation.   CBP relied upon such information to support its finding of transshipment.  Despite relying on such information, **CBP** never provided unredacted copies or public summaries of such information to Global Aluminum and even withheld from disclosure to Global Aluminum information provided by Global Aluminum

42.     **CBP**'s administration of the investigatory and administrative proceedings, including its decisions not to release evidence necessary for Global Aluminum to raise its defenses and to heavily redact administrative record submissions, unconstitutionally violated Global's Fifth Amendment Right to Due Process, or is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 19 U.S.C. § 1517(g)(2)(B) and 5 U.S.C. § 706.

## COUNT FOUR

43.     The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

44.     A determination as to whether covered merchandise was entered through evasion must be based on substantial evidence. 19 U.S.C. § 1517(c)(1)(A); 19 C.F.R. § 165.27(a).

45.    The June 4, 2021 Decision concluding that "when looking at the totality of the circumstances regarding evidence of Kingtom's actual production levels coupled with Kingtom's  affiliations with China, a finding of evasion due to the commingling of Chinese-origin aluminum extrusions with Dominican Republic-origin aluminum extrusions is supported by substantial evidence in the record." is based on surmise and supposition,   contrary to record evidence before the agency, is thus arbitrary and capricious, and  in violation of 19 U.S.C. § 1517(g)(2)(A) and 5 U.S.C. §706.

46.    Further, there is no nexus between the extrusions that Kingtom allegedly commingled and those imported by Global or any other importer under investigation.

47.    CBP's determination is accordingly arbitrary and capricious, an abuse of discretion, in violation of 19 U.S.C. § 1517(g)(2)(A) and 5 U.S.C. § 706, or otherwise not in accordance with law.  CBP also failed to comply with the procedures prescribed pursuant to 19 U.S.C. § 1517(c) and (f) in that the determination is not based upon substantial evidence pursuant to 19 U.S.C. § 1517(c)(1)(A).

## COUNT FIVE

48.    The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

49.    CBP failed to follow the statute and its regulations in the conduct of this investigation and its initiation including a failure to place certain documents on the

record, and conducting a site visit of Kingtom prior to initiating the EAPA investigation.

50.     CBP was required to maintain on the administrative record all information filed with CBP pursuant to 19 C.F.R. 165.21(b) and summarize oral discussions with interested parties pursuant to 19 C.F.R. 165.21(a)(6) and 19 C.F.R. § 165.23(d).

51.     CBP's site visit to Kingtom's facility was without statutory authority.  CBP had not yet initiated an investigation pursuant to 19 U.S.C. § 1517(b)(1), and thus CBP lacked authority to collect information for the EAPA record at the time of the site visit pursuant to 19 U.S.C. § 1517(c)(2).

52.     CBP initiated and conducted the investigation without due regard for statutory or regulatory requirements.  Thus, the investigation was not conducted in compliance with the procedures prescribed pursuant to 19 U.S.C § 1517(c) and (f) and is arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law.  CBP improperly initiated the investigation by failing to comply with the statute and regulations, and the investigation and subsequent determination should be terminated *ab initio.*

## COUNT SIX

53.     The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

54.     CBP expressly stated that it would not consider certain arguments presented by the importers in the Administrative Review process, and to the extent that it did consider such issues, it did not meaningfully consider or address such issues.

55.     The failure to consider certain arguments presented by importers and the failure to give proper weight to the evidence submitted by all parties impermissibly tainted the results of the investigation and rendered the underlying determinations invalid.  The determination is thus arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law.

COUNT SEVEN

56.     The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

57.     The Eighth Amendment of the U.S. Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted".  If the extraction or assessment is a fine, it must not be excessive.

58.     Antidumping and Countervailing Duties based on adverse inferences constitute a fine.  The Supreme Court stated: "{w}e think it significant that, at the time of the drafting and ratification of the Amendment, the word "fine" was understood to mean a payment to a sovereign as punishment for some offense. *BFI, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257 (1989).

59.     A fine is an exaction which is at least partially penal in nature.   The

Supreme Court stated:

> ""[A] civil sanction that cannot fairly be said solely to serve a remedial
> purpose, but rather can only be explained as also serving either retributive
> or deterrent purposes, is punishment, as we have come to understand the
> term." In light of the historical understanding of forfeiture as punishment,
> the clear focus of §§ 881(a)(4) and (a)(7) on the culpability of the owner,
> and the evidence that Congress understood those provisions as serving to
> deter and to punish, we cannot conclude that forfeiture under §§ 881(a)(4)
> and (a)(7) serves solely a remedial purpose. We therefore conclude that
> forfeiture under these provisions constitutes "payment to a sovereign as
> punishment for some offense," and, as such, is subject to the limitations of
> the Eighth Amendment's Excessive Fines Clause.
> *Austin v. United States* 509 U.S.  602 (1993)

60.     The duties imposed on the importers as a result of an affirmative finding

under the EAPA statute are subject to the China-Wide rate.   The China-Wide rate is a

rate based on Adverse Facts and are intended to deter non-compliance with the

antidumping duty laws.  Such duties constitute a fine for purposes of the 8th Amendment.

61.     The amount of any fine that falls under the 8th Amendment must be

reasonably related to the conduct of the importer.

62.     There is no showing of any bad conduct on the part of the importers

which would justify a fine on the importer.  Any purported circumvention would have

been solely by Kingtom, the Dominican Republic producer

63.     As the resultant fine is in violation of the 8th Amendment of the U.S.

Constitution, the underlying EAPA proceeding is also unconstitutional.

## COUNT EIGHT

64.     The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

65.     Congress authorized CBP to initiate an investigation under EAPA only if CBP determines that information "reasonably suggests that covered merchandise has been entered into the Customs Territory of the United States through evasion."   A review of the full allegations, both public and confidential, demonstrate that CBP had no basis to initiate this investigation, that the evasion determination resulting from an improperly initiated investigation should be vacated, and the investigation should be terminated *ab initio*.

66.     CBP's initiation determination was thus unsupported by reasonable evidence and was otherwise not in accordance with law.

## COUNT NINE

67.     The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

68.     A party cannot be subject to two proceedings under the same statute for the same conduct and the same entries.  Such action violates long-standing principles of fundamental fairness.

69.     Global Aluminum was named by **CBP** in both this investigation (7423) and a prior investigation (7348).  Both investigations involved the purported evasion of the antidumping and countervailing duties on Aluminum Extrusions by means of purported transshipment through the Dominican Republic.   Both investigations involved Global Aluminum's importations from Kingtom.   Both investigations related to substantially the same entries.

70.     Global Aluminum was forced to participate in two proceedings and bear the substantial expense of fighting the same issue in proceedings under the same statutory provision..

71.     Global Aluminum requested that **CBP** consolidate the two investigations pursuant to the statute and **CBP**'s policies with respect to consolidation.

72.     CPB refused to consolidate these two investigations, but rather placed the information from 7348 or the record of 7423.

73.     CPB's refusal to consolidate these two investigations was an abuse of discretion and violated Global Aluminum's fundamental rights to due process.

## COUNT TEN

74.     The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

75.     The position of the United States and U.S. Customs and Border

Complaint
*Global Aluminum Distributors LLC v. United States*
Ct. No. 21-00312
July 2, 2021
Page 19

Case 1:21-cv-00312-N/A   Document 2   Filed 07/02/21   Page 19 of 21

Protection was not substantially justified at the Administrative Level and there are no special circumstances which would make an award of fees unjust.

76.     5 U.S. Code § 504 provides for the awarding of fees in connection with Administrative Proceedings.

77.     Global Aluminum should have prevailed in a proper administrative proceeding and otherwise qualifies for an award of fees.

78.     This Court, upon finding that CBP's determination is in error, should order fees in connection with the underlying administrative action.

## COUNT ELEVEN

79.     The allegations of paragraphs 1 through 28 are incorporated by reference and restated as if fully set forth herein.

80.     An interested party participating in an agency proceeding has a due process right to "notice and a meaningful opportunity to be heard." *PSC VSMPO-Avisma Corp. v. United States,* 688 F.3d 751, 761-62 (Fed. Cir. 2012) (quoting *LaChance v. Erickson,* 522 U.S. 262, 266(1998)); *see also* U.S. Const. art. 5.

81.     CBP states that the regulations it promulgated to govern investigations of evasion claims seek "to make the proceedings under the EAPA as transparent as possible and to provide for full participation and engagement by all parties involved in an EAPA proceeding." *Investigation of Claims of Evasion of Antidumping and*

*Countervailing Duties*, 81 Fed. Reg.   56,477, 56,479 (Dep't Homeland Sec. August 22, 2016).

82.   In its regulations governing how evasion claims will be investigated, CBP only considers the party filing the allegation and the accused importer(s) to be parties to the evasion investigation. 19 C.F.R. §165.1. CBP's regulations foreclose other interested parties, such as a foreign manufacturer, from fully participating in the proceedings and unlawfully narrow the scope of participation provided for under EAPA for "interested parties," as defined by 19 U.S.C. §1517(a)(6)(A). The statute therefore does not preclude CBP from accepting Kingtom's voluntary submissions. Because CBP denied Kingtom an adequate opportunity to participate, it also denied Plaintiffs' right to have all material information of record considered.

83.   CBP's failure to allow the foreign manufacturer to participate deprives Plaintiffs of the contribution of the party in possession of the most important information in the investigation on which CBP's decisions are based.

84.   CBP's decision to not allow Kingtom to participate and submit information and legal argument is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, and is in violation of 19 U.S.C. §1517(g)(2)(B) and 5 U.S.C. § 706.

Complaint
*Global Aluminum Distributors LLC v. United States*
Ct. No. 21-00312
July 2, 2021
Page 21

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter

judgment as follows:

1.     Sustaining counts one through eleven of plaintiff's   complaint;

2.     Remanding this matter to U.S. Customs and Border Protection with

   instructions that CBP terminate this investigation and order the liquidation

   of entries without the addition of Antidumping and Countervailing Duties;

3.     Awarding attorney's fees and costs as appropriate;

4.     Providing such other relief as the court may deem just and appropriate.

Respectfully submitted,

David J. Craven
Craven Trade Law LLC
3744 N Ashland Avenue
Chicago, IL 60613

(773) 709-8506
Counsel for Global Aluminum
Distributors LLC

By:    /s/David J. Craven
            David J. Craven

Dated: July 2, 2021